UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **SHEILA MAE TRAVERS-SHEIK,**  )<br>)<br>**Plaintiff**  )<br>)<br>vs.  )<br>)<br>**HABIT MANAGEMENT INSTITUTE (sic),**  )<br>)<br>**Defendant**  )<br>_____)  | C.A. No. 05-11631 GAO |

## ANSWER

The Defendant Habit Management, Inc. ("Habit Management")[1] answers the numbered paragraphs of the Complaint as follows:

1. Habit Management is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the current citizenship status and address of the Plaintiff Sheila Mae Travers-Sheik ("Plaintiff").

2. Habit Management admits that it operates a clinic at 20 Forsythe Avenue in South Yarmouth, Massachusetts 02664.

3. Paragraph 3 of the Complaint reiterates and restates the allegations of Paragraph 2. Accordingly, Habit Management reiterates and incorporates by reference herein Paragraph 2 above.

4. Habit Management admits that Plaintiff filed a Charge of Discrimination against Habit Management with the U.S. Equal Employment Opportunity Commission ("EEOC"), and that the EEOC Charge Number was 16C-2003-00392. Habit

---

[1] The proper name of this defendant is Habit Management, Inc., not Habit Management Institute.

Management denies that Plaintiff stated a claim of discrimination against Habit Management in that Charge, which was dismissed by the EEOC on May 1, 2005.[2]

5.  Habit Management admits that it hired Plaintiff on or about January 3, 2001 to work at Habit Management. Habit Management denies that Plaintiff was hired as an "assistant;" her official title, at time of hire, was "Urine Monitor/Health Aide." Habit Management admits that Plaintiff's title was subsequently changed to "Office Assistant." Habit Management admits that it increased Plaintiff's hours on more than one occasion during her employment, but denies the other allegations in Paragraph 5 concerning Plaintiff's alleged "applications" for more hours and Ms. Janet Police's alleged "agreements" with Plaintiff. Habit Management admits that Ms. Janet Police was the Program Director for Habit Management's Yarmouth clinic until April 21, 2001 and that Mr. Nicholas Mazzoni subsequently became the Program Director. Habit Management denies the remainder of the allegations contained in Paragraph 5 of the Complaint.

6.  Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.  Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.  Habit Management states that the allegations contained in Paragraph 8 state a prayer for relief to which no responsive pleading is required.

---

[2] The EEOC adopted the findings of the Massachusetts Commission Against Discrimination ("MCAD"), the agency that investigated the allegations set forth in Plaintiff's Charge of discrimination. The MCAD (in *Sheila Mae Travers-Sheik v. Habit Management Institute,* MCAD No. 02BEM03858), found a lack of probable cause to believe that Habit Management had violated state or federal anti-discrimination statutes in its treatment of Plaintiff, and dismissed the case on September 1, 2004.

9.  Habit Management states that Paragraph 9 sets forth a single word, and therefore does not state any factual allegation. Accordingly, no responsive pleading to Paragraph 9 is required.

10. Habit Management states that Plaintiff's jury demand, set forth in Paragraph 10, requires no responsive pleading.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state the basis for a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a prima facie case of discrimination under either state or federal law.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to institute this action within the time required under the applicable statute(s) of limitations, her claims for relief are barred.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to exhaust her administrative remedies, her claims for relief are barred.

### FIFTH AFFIRMATIVE DEFENSE

The employment decisions about which Plaintiff complains were based on legitimate, non-discriminatory factors and were not motivated in whole or in part by discriminatory animus.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff alleges that co-workers engaged in harassment of Plaintiff, and Habit Management neither knew, nor had reason to know, of such alleged harassment. Accordingly, Habit Management cannot be held liable for such alleged harassment, under either state or federal law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, unclean hands, estoppel and waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Habit Management, or to otherwise avoid harm, and/or be cause Habit Management exercised reasonable care to prevent and correct promptly any discrimination (including harassment) alleged by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual or punitive damages and hence can only recover nominal damages.

### TENTH AFFIRMATIVE DEFENSE

The damages cap imposed by the Civil Rights Act of 1991 limits Plaintiff's claims for compensatory and punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate her damages.

Habit Management reserves the right to assert additional affirmative defenses as established by the facts of the case.

WHEREFORE, Defendant Habit Management, Inc. respectfully requests that Plaintiff's Complaint be dismissed in its entirety and with prejudice, and that Habit Management be awarded any other legal and equitable relief deemed appropriate by the Court.

Respectfully submitted,

HABIT MANAGEMENT, INC.

By its attorneys,

/s/ _____
Jennifer C. Tucker (BBO #547944)
Anita M. Polli (BBO #552567)
Littler Mendelson PC
One International Place
Suite 2700
Boston, MA 02110
(617) 378-6000

Certificate of Service

I, Jennifer Catlin Tucker, hereby certify that I delivered a copy of the Answer by certified mail on November 28, 2005, postage pre-paid, to Sheila Mae Travers-Sheik, 7 Jonathan Lane, P.O. Box 743, East Falmouth, MA 02536.

/s/ _____
Jennifer Catlin Tucker