UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHEILA MAE TRAVERS-SHEIK,<br><br>Plaintiff<br><br>vs.<br><br>HABIT MANAGEMENT, INC.,<br><br>Defendant | )<br>)<br>)<br>)<br>)   C.A. No. 05-11631 GAO<br>)<br>)<br>)<br>)<br>)<br>) |

## LOCAL RULE 16.1(D) STATEMENT

Defendant Habit Management, Inc. ("Habit Management"), pursuant to Local Rule 16.1(D) and the Notice of Scheduling Conference dated February 14, 2006 (the "Notice"), submits this Statement in lieu of the Joint Statement required by L.R. 16.1(D). The reason for the non-existence of a Joint Statement is that Plaintiff (who is appearing *pro se*) communicated to Habit Management on April 12, 2006 that she requires guidance from the Court in connection with making the decisions required in order to prepare the Joint Statement.

Counsel for Habit Management scheduled a meeting with the Plaintiff for April 12, 2006, and did in fact meet with Plaintiff on that date. At that meeting, Plaintiff stated that she intends to continue proceeding on a *pro se* basis. She had failed to submit any written settlement demand, and counsel for Habit Management asked her if she had such a demand. Plaintiff responded that her demand was $4 million dollars. Counsel for Habit Management asked Plaintiff to submit her demand in writing, along with an explanation of how she arrived at that figure. Plaintiff agreed to do so.

Counsel for Habit Management explained the purpose of the conference, provided Plaintiff with a draft Joint Statement, and asked whether Plaintiff felt comfortable discussing a discovery schedule. Plaintiff stated that she required guidance from the Court on this matter, as well as on the issue of whether to agree to trial by a Magistrate Judge.

In light of the foregoing, counsel for Habit Management did not press Plaintiff to participate in preparation of the Joint Statement. Instead, Habit Management submits the following proposed Joint Plan, which it believes to be reasonable, for the Court's review and approval after hearing from Plaintiff at the Scheduling Conference.

## JOINT DISCOVERY PLAN

1. **Written Discovery and Depositions (Non-Expert)**

The parties agree that interrogatories and requests for production of documents will be served no later than May 27, 2006. Responses and objections will be served no later than July 7, 2006.

Plaintiff anticipates taking ___ depositions, including _____.

Habit Management anticipates taking the deposition of Plaintiff, as well as 3-5 depositions of other fact witnesses, and any witnesses identified by Plaintiff as having personal knowledge of her alleged damages.

The parties agree that the first deposition in the case will be that of the Plaintiff, and that all of the depositions they identify herein will be noticed and completed by October 15, 2006. If additional individuals are identified during any of these depositions,

or in responses to the written discovery described above, such individuals will be deposed on or before December 1, 2006.

Requests for Admission will be served no later than December 1, 2006.

2. **Expert Discovery**

The parties do not anticipate conducting expert discovery in this matter. They agree to reserve their right to do so should the fact discovery they anticipate disclose a basis for doing so.

## MOTIONS

The parties agree that any Motions to Amend the Complaint (Fed.R.Civ.P. 15) , or to Join Parties (Fed.R.Civ.P. 14) will be served and filed no later than July 15, 2006.

The parties agree that any Motions for Summary Judgment (Fed.R.Civ.P. 56) will be served and filed no later than January 15, 2007.

|  |  |
|---|---|
|  | Respectfully submitted, |
| SHEILA MAE<br>TRAVERS-SHEIK | HABIT MANAGEMENT, INC.,<br>By its attorneys, |
| _____ | /s/ Jennifer C. Tucker<br>Jennifer C. Tucker (BBO #547944)<br>Anita M. Polli (BBO #552567)<br>Littler Mendelson PC<br>One International Place<br>Suite 2700<br>Boston, MA  02110<br>(617) 378-6000 |

## CERTIFICATIONS

Plaintiff is not represented by counsel. Habit Management and its legal counsel hereby certify that they have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

HABIT MANAGEMENT, INC.

*/s/ Richard J. Keefe*

By:   Richard J. Keefe

*/s/ Jennifer C. Tucker*

Jennifer C. Tucker (BBO #547944)
Anita M. Polli (BBO #552567)
Littler Mendelson PC
One International Place
Suite 2700
Boston, MA 02110
(617) 378-6000

### Certificate of Service

I, Jennifer Catlin Tucker, hereby certify that I delivered a copy of the Joint Statement by certified mail on April 13, 2006, postage pre-paid, to Sheila Mae Travers-Sheik, 7 Jonathan Lane, P.O. Box 743, East Falmouth, MA 02536.

/s/ *Jennifer Catlin Tucker*
Jennifer Catlin Tucker