UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                           )
SHEILA MAE TRAVERS-SHEIK,                  )
                                           )
                Plaintiff,                 )
                                           )    C.A. No. 05-11631 GAO
v.                                         )
                                           )
HABIT MANAGEMENT INSTITUTE (sic),          )
                                           )
                Defendant                  )
_____)

### DEFENDANT'S MOTION FOR EXTENSION
### OF TIME TO TAKE PLAINTIFF'S DEPOSITION

Defendant Habit Management, Inc.("Defendant" or "HMI") hereby moves this Honorable Court for an extension of time to take the deposition of Plaintiff Sheila Mae Travers-Sheik ("Plaintiff").  As grounds for this Motion, HMI states as follows:

1.  On April 20, 2006, the Court presided over a Scheduling Conference in which the following deadlines were set:

    a.  Plaintiff's deposition was to be completed by October 15, 2006; and

    b.  All other depositions of witnesses identified as fact witnesses in answers to written discovery or in other depositions were to be completed by December 1, 2006.

2.  HMI filed a Rule 12(b)(6) Motion to Dismiss on June 9, 2006.

3.  Plaintiff filed what purported to be an Opposition to HMI's Motion to Dismiss on or about June 20, 2006.

4. HMI filed a Rule 12(f) Motion to Strike Plaintiff's Purported Opposition to Defendant's Motion to Dismiss ("Motion to Strike") on July 10, 2006.

5. On August 28, 2006, HMI served Plaintiff with a Notice of her deposition, which was scheduled to be taken on October 4, 2006.

6. Subsequent to HMI serving the Notice of Deposition on Plaintiff, the Court scheduled a hearing on HMI's Motion to Strike and Motion to Dismiss for November 6, 2006.

7. If the Court grants HMI's Motion to Dismiss, there would be no need for HMI to take Plaintiff's deposition. Thus, HMI now respectfully requests a 30-day extension of time from the date the Court rules on HMI's Motion to Dismiss for the express purpose of allowing HMI to take Plaintiff's Deposition if, and only if, this lawsuit survives HMI's Motion to Dismiss.

8. This is HMI's first request for extension of this deposition deadline.

9. Neither party will be prejudiced by the extension of deadlines.

10. HMI has made several attempts, through counsel, to confer with Plaintiff prior to making this Motion, but HMI's counsel's voice-mail messages have not been returned.

WHEREFORE, HMI respectfully requests that the Court grant this Motion and order the following new deadline:

HMI must notice and depose Plaintiff within thirty (30) days following the Court's adjudication of HMI's Motion to Dismiss.

                Respectfully submitted,

                HABIT MANAGEMENT, INC.

                By its attorneys,

                /s/ Jennifer C. Tucker
                Jennifer C. Tucker (BBO #547944)
                Anita M. Polli (BBO #552567)
                Littler Mendelson PC
                One International Place
                Suite 2700
                Boston, MA  02110

Dated: September 14, 2006              (617) 378-6000

## Certificate of Service

I, Jennifer Catlin Tucker, hereby certify that I delivered a copy of this electronically filed Motion for Extension of Time To Take Plaintiff's Deposition by certified mail on September 14, 2006, postage pre-paid, to Sheila Mae Travers-Sheik, P.O. Box 743, East Falmouth, MA 02536.

                /s/ Jennifer C. Tucker
                Jennifer Catlin Tucker

Firmwide:81121163.2 050742.1002