UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11631-GAO

SHEILA MAE TRAVERS-SHEIK,
Plaintiff

v.

HABIT MANAGEMENT, INC.,
Defendant.

MEMORANDUM AND ORDER
December 20, 2006

O'TOOLE, D.J.

The plaintiff, proceeding pro se, filed an amended complaint (Dkt. No. 9) alleging that defendant, Habit Management, Inc., took actions against her which violated Section 504 of the Rehabilitation Act of 1973, Section 704(a) of Title VII, Section 717 of the Civil Rights Act of 1964, and Mass. Gen. Laws c. 149, § 19. The amended complaint was long on conclusory allegations and short on allegations of supporting facts. The defendant moved to dismiss the complaint in its entirety, and the plaintiff apparently responded by providing the defendant with a letter which contained a number of additional factual allegations. Construing the letter as an opposition to its motion to dismiss, the defendant moved to strike it. As the plaintiff never filed her letter with the Court [1], there is no need to address its contents or the defendant's motion to strike. After oral arguments and consideration of the amended complaint, the defendant's motion to dismiss (Dkt. No. 14) is GRANTED IN PART and DENIED IN PART.

---

[1] The letter only came to the Court's attention when it was filed as an exhibit to the defendant's motion to strike.

While courts are solicitous of the obstacles faced by pro se litigants and hold their pleadings to a less demanding standard than those drafted by lawyers, see Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000), a pro se plaintiff is not exempt from procedural rules, see id., nor relieved from her duty to establish a basis for her claims by providing more than "unsupported conclusions or interpretations of law". Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

Pursuant to Fed. R. Civ. P. 12 (b)(6), a complaint should be dismissed for failure to state a claim where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations". Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); see also Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). When making the determination, the complaint's factual allegations are presumed to be true, and all reasonable inferences drawn therefrom are made in the plaintiff's favor. Rivera, 402 F.3d at 33. Complaints alleging employment discrimination need only satisfy the simple pleading standard of Fed. R. Civ. P. 8(a). See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002); Gorski v. N.H. Dep't. of Corr., 290 F.3d 466, 473 (2002). Rule 8 requires only that the plaintiff make a "short and plain statement of the grounds upon which the court's jurisdiction depends . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief the pleader seeks". Fed. R. Civ. P. 8(a).

Two of the plaintiff's claims fail to meet even this lenient standard. Her claim that the defendant violated Section 504 of the Rehabilitation Act is deficient in two respects. First, the provisions of the Rehabilitation Act apply only to federal agencies or entities receiving federal funds, and the plaintiff has made no allegation that defendant Habit Management, Inc. is such an organization. Second, the facts pleaded by the plaintiff, even if presumed true, are not sufficient to bring her within the class protected by the Rehabilitation Act; nowhere in her complaint is it suggested that she "(i) has

2

a physical or mental impairment which substantially limits one or more of [her] major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment". 29 U.S.C. § 705 (20) (defining the term "individual with a disability"). For these reasons, the plaintiff's Rehabilitation Act claim is dismissed.[2]

The plaintiff's claim under Mass. Gen. Laws c. 149, § 19 fails as well. Section 19 itself does not explicitly create a private cause of action, and Massachusetts and federal courts generally are reluctant to infer one in the absence of some indication from the legislature that one exists. See Alexander v. Sandoval, 532 U.S. 275 (2001); Maldonado v. Dominguez, 137 F.3d 1, 7 (1st Cir. 1998); Loffredo v. Center for Addictive Behaviors, 426 Mass. 541, 543-45 (Mass. 1998). There is nothing in the actual language of the section that suggests such an intent to create such a private right of action. Furthermore, the legislature clearly provided for private causes of action with respect to violations of *other* sections in chapter 149. See, e.g., Mass. Gen. Laws c.149, § 150 (giving aggrieved employees the right to sue for violations of sections 33E, 148, 148A, 148B, 150C, 152, 152A or 159C of the chapter); Mass. Gen. Laws c. 149, § 27; Mass. Gen. Laws c. 149, § 105A. Lastly, there is a remedy for violation of § 19 available – the legislature provided for the imposition of fines where no other penalty is specified. Mass. Gen. Laws c. 149, § 180 ("Whoever violates a provision of this

---

[2] To the extent that the plaintiff's complaint might be construed as raising a claim for disability discrimination in violation of the Americans with Disabilities Act rather than the Rehabilitation Act, such a claim also would be dismissed because of the plaintiff's failure to exhaust her administrative remedies.

chapter for which no specific penalty is provided shall be punished by a fine of not more than five hundred dollars."). For these reasons, I conclude that there is no private cause of action under § 19 and the plaintiff's claim must therefore be dismissed.

As pleaded in the amended complaint, the plaintiff's remaining Title VII claims—(1) employment discrimination based on her race, color and national origin and (2) retaliation—are sufficient to survive the defendant's motion to dismiss. The amended complaint states that the defendant discriminated against the plaintiff on the basis of her race and national origin when it did not select her to fill open positions for which she had applied and for which she alleges she had a college education. These allegations are sufficient to put the defendant on notice as to the nature and basis of her claim. She need not plead facts establishing a prima facie case of discrimination in order to meet the simplified pleading standard of Fed. R. Civ. P. 8(a). See Swierkiewicz, 534 U.S. at 515; Gorski, 290 F.3d at 473.

With respect to her retaliation claim, the plaintiff alleges that the defendant retaliated against her for filing her complaint with the Massachusetts Commission Against Discrimination ("MCAD") by cutting her hours. The defendant asserts that the reduction in hours cannot be the predicate for a retaliation claim because the plaintiff complained of such a reduction in her MCAD charge. This argument disregards the possibility that the reduction in hours alleged in the amended complaint refers to subsequent actions taken by the defendant. A motion to dismiss is not the proper forum for resolving ambiguous or disputed factual allegations. Construing the facts alleged in favor of the plaintiff, as I must, I conclude that she has stated a claim for retaliation pursuant to Title VII.

Contrary to the defendant's contention, this claim is not barred due to the plaintiff's failure to exhaust her administrative remedies. Title VII requires aggrieved employees to file an administrative charge with the Equal Employment Opportunity Commission prior to commencing a civil action, see 42 U.S.C. § 2000e-5(f), and typically "in employment discrimination cases, '[t]he scope of the civil complaint is . . . limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge'". Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (quoting Powers v. Grinnell Corp., 915 F.2d 34, 38 (1st Cir. 1990)). In the First Circuit, claims for retaliation are an exception to that general rule. In Clockedile v. New Hampshire Department of Corrections, the Court abrogated its prior holding in Johnson v. General Electric, 840 F.2d 132 (1st Cir. 1988), and adopted the rule that "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the [administrative] agency–*e.g.*, the retaliation is for filing the agency complaint itself." Clockedile, 245 F.3d 1, 6 (1st Cir. 2001). The plaintiff's claim falls squarely within the rule espoused in Clockedile, and therefore is not barred.

For the foregoing reasons, the defendant's motion to dismiss (Dkt. No. 14) is GRANTED IN PART and DENIED IN PART. The plaintiff may continue to pursue only her claims for employment discrimination under 42 U.S.C. § 2000e-2 and for retaliation pursuant to 42 U.S.C. § 2000e-3.

The defendant's motion for an extension of time to take the plaintiff's deposition (Dkt. No. 20) is GRANTED.

It is SO ORDERED.

|     December 20, 2006     |     /s/ George A. O'Toole, Jr.     |
|---|---|
| DATE | DISTRICT JUDGE |