UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
SHEILA MAE TRAVERS-SHEIK,                   )
                                            )
                Plaintiff,                  )
                                            )   C.A. No. 05-11631 GAO
v.                                          )
                                            )
HABIT MANAGEMENT INSTITUTE (sic),           )
                                            )
                Defendant                   )
_____)

**DEFENDANT HABIT MANAGEMENT, INC.'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION
AND OPPOSITION TO PLAINTIFF'S MOTION FOR AN ENLARGEMENT
OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Habit Management, Inc. ("Defendant" or "HMI")[1] hereby moves this Honorable Court to reconsider its order and deny Plaintiff Sheila Mae Travers-Sheik's ("Plaintiff" or "Travers-Sheik") Motion for an Enlargement of Time to Respond to HMI's Motion for Summary Judgment ("Plaintiff's Motion"). The Court should reconsider its order and deny Plaintiff's Motion because Plaintiff's sole justification for an enlargement of time to respond is that she never received a "copy of the document," but, as the evidence attached to this Motion shows, HMI can prove that she did. Accordingly, the Court should reconsider its Order and deny Plaintiff's Motion.

**I.    PROCEDURAL HISTORY**

On January 17, 2007, HMI took Plaintiff's deposition wherein she testified that she lived at 7 Jonathan Lane, P.O. Box 743, East Falmouth, Massachusetts, with her mother, Winifred Travers. (Affidavit of David M. Jaffe ("Jaffe Aff."), attached hereto as Exhibit 1, ¶ 4). On July

---

[1] Plaintiff has misidentified HMI in the caption of this matter as "Habit Management Institute."

13, 2007, HMI filed its Motion for Summary Judgment with the Court seeking dismissal of Plaintiff's remaining claims.[2] As part of its pleading, and in compliance with Local Rule 5.2, HMI filed a proof of service stating that it served its Summary Judgment Motion by "certified mail on July 13, 2007, postage pre-paid, to Sheila Mae Travers Sheik, 7 Jonathan Lane, P.O. Box 743, East Falmouth, MA 02536."[3] (Jaffe Aff. ¶ 5). Plaintiff's mother, Winifred Travers, signed for receipt of delivery of the Motion for Summary Judgment and associated documents on July 16, 2007. (Jaffe Aff. ¶ 6). Plaintiff's mother accompanied her daughter and attended both depositions taken during discovery. (Jaffe Aff. ¶ 4).

On September 28, 2007, the Court entered Plaintiff's Motion for an Extension of Time to Respond to HMI's Motion for Summary Judgment into its Case Management/Electronic Case Files System and distributed a copy to HMI's counsel via e-mail. On October 1, 2007, without providing HMI an opportunity to submit an opposition to Plaintiff's Motion, the Court granted Plaintiff's Motion and extended the deadline for Plaintiff to file her Opposition to HMI's Motion for Summary Judgment by two and a half months, from July 31, 2007[4] until October 15, 2007.

---

[2] On December 20, 2006, the Court granted, in part, HMI's Motion to Dismiss and articulated what it believed to be the remaining claims against HMI.
[3] It is worth noting that the Court has served all documents on Plaintiff at the same address.
[4] This deadline includes an additional three days for mailing. Fed. R. Civ. P. 6(e).

-3-

## II.   ARGUMENT

A party opposing a motion shall file an opposition within 14 days.  Local Rule 7.1(b)(2).  Plaintiff's *pro se* status does not relieve her of her obligations to abide by the rules of procedure.  Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (even a pro se complainant is required to describe the essential nature of the claim and to identify the core facts upon which it rests).  Plaintiff's deadline to submit an opposition to HMI's Motion for Summary Judgment expired on or about July 31, 2007, and she has failed to comply with this deadline.

The Court should reconsider its order and deny Plaintiff's Motion because Plaintiff's sole justification for her Motion (that she never received HMI's Motion for Summary Judgment) is simply untrue.  HMI has proven that it served its Motion for Summary Judgment and associated documents upon Plaintiff at her home on July 16, 2007, and that her mother signed for receipt of the pleading.  Plaintiff's mother's involvement in this lawsuit implies, at the very least, that when she signed for receipt of HMI's Motion for Summary Judgment, she understood its relevance and importance and knew to provide a copy to her daughter.  The evidence shows, therefore, that Plaintiff <u>did</u> timely receive a copy of HMI's Motion for Summary Judgment, contrary to Plaintiff's signed pleading.  Accordingly, the Court should reconsider its order and deny Plaintiff's Motion.

                                                                    Respectfully submitted,

                                                                    HABIT MANAGEMENT, INC.

                                                                    By its attorneys,

/s/ David M. Jaffe
David M. Jaffe (BBO # 641610)
Anita M. Polli (BBO # 552567)
Littler Mendelson, P.C.
One International Place
Suite 2700
Boston, MA  02110
October 9, 2007  (617) 378-6000

## Certificate of Service

I, David M. Jaffe, hereby certify that I delivered a copy of this electronically filed Memorandum of Law in Support of Motion for Reconsideration and Opposition to Plaintiff's Motion for an Enlargement of Time to Respond to Defendant's Motion for Summary Judgment, with attached exhibits, by certified mail, return receipt requested, on October 9, 2007, postage pre-paid, to Sheila Mae Travers-Sheik, 7 Jonathan Lane, P.O. Box 743, East Falmouth, MA 02536.

                                                                  /s/David M. Jaffe
                                                                  David M. Jaffe

Firmwide:83240642.1 050742.1002

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEILA MAE TRAVERS-SHEIK,<br><br>　　　Plaintiff,<br><br>v.<br><br>HABIT MANAGEMENT INSTITUTE (sic),<br><br>　　　Defendant. | C.A. No. 05-11631 GAO |

## AFFIDAVIT OF DAVID M. JAFFE

I, David M. Jaffe, provide this affidavit based on personal information and knowledge and hereby depose and state:

1. I am over the age of twenty-one (21) and give this affidavit of my own free will.

2. I have personal knowledge of all facts stated herein and am competent to testify as to all facts stated herein.

3. I am an attorney at Littler Mendelson, P.C. and represent Defendant Habit Management, Inc. ("HMI") in this matter. I submit this Affidavit as an exhibit to Defendant Habit Management, Inc.'s Memorandum of Law in Support of its Motion for Reconsideration and Opposition to Plaintiff's Motion for an Enlargement of Time To Respond to HMI's Motion for Summary Judgment.

4. During discovery, Plaintiff testified that she lived at "7 Jonathan Lane, East Falmouth, Mass. 02356, PO Box 743." (Deposition of Plaintiff Sheila Mae Travers-Sheik, attached hereto as Exhibit A, page 11, lines 23-24 (hereinafter, "11:23-24")). Plaintiff further testified that she lived at that address with her mother, Winifred Travers. (Id. at 12:9-10, 13:11-21). Plaintiff's mother has accompanied her daughter and attended both depositions taken by HMI in this lawsuit. She attended her daughter's deposition in January 2007, and HMI's deposition of Plaintiff's treating physician, Dr. Ashhal Justaniah in June 2007.

-2-

5. On July 13, 2007, HMI filed its Motion for Summary Judgment (and associated documents) with the Court and, in compliance with Local Rule 5.2, provided a proof of service that was attached to the Memorandum of Law that specifically stated that service was made by "certified mail on July 13, 2007, postage pre-paid, to Sheila Mae Travers Sheik, 7 Jonathan Lane, P.O. Box 743, East Falmouth, MA 02536." (A true and accurate copy of the certificate of service is attached hereto as Exhibit B).

6. On July 16, 2007, Winifred Travers signed PS Form 3811, certifying that she received the attached mailing. (A true and accurate copy of PS form 3811 is attached hereto as Exhibit C). A few days later, the USPS returned PS Form 3811 to my office. When it arrived, I wrote "SJM Memo of Law + Attachments" on the sender page so I could later track what documents this receipt represented.

7. Plaintiff has never called me, or otherwise requested that I send her an additional copy of HMI's Motion for Summary Judgment and associated documents.

8. On September 28, 2007, the Court notified me that Plaintiff had filed a Motion for Enlargement of Time to Respond to HMI's Motion for Summary Judgment. I did not receive a copy from Plaintiff.

Signed under the pains and penalties of perjury this 9th day of October, 2007.

_____
David M. Jaffe

-3-

## CERTIFICATE OF SERVICE

I, David M. Jaffe, hereby certify that on this 9th day of October, 2007, the foregoing Affidavit of David M. Jaffe was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and was sent by certified mail, return receipt requested, on October 9, 2007 to Plaintiff Sheila Mae Travers-Sheik, 7 Jonathan Lane, P.O. Box 743, East Falmouth, MA 02536.

/s/ David M. Jaffe
David M. Jaffe

Firmwide:83188567.1 050742.1002

ORIGINAL

Volume 1, Pages 1-298

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------

SHEILA MAE TRAVERS-SHEIK,

        Plaintiff,

vs.        Civil Action No.

        05-11631 GAO

HABIT MANAGEMENT INSTITUTE (sic),

        Defendant

-------------------------------------

DEPOSITION OF SHEILA MAE TRAVERS-SHEIK

Wednesday, January 17, 2007, 10:05 a.m.

Littler Mendelson, PC

One International Place, Suite 2700

Boston, Massachusetts

------- Reporter: Patricia A. Bucko, RMR -------

www.fabreporters.com

Farmer Arsenault Brock LLC

50 Congress Street, Suite 415, Boston, Mass. 02109

617.728.4404   fax 617.728.4403

1  that doesn't appear to be there.
2      A.   I'll take Diet Coke.
3      Q.   Okay.  You will have an opportunity to read
4  the transcript of your testimony today.
5      A.   Okay.
6      Q.   And if you see anything that appears to
7  have been transcribed inaccurately --
8      A.   Yes.
9      Q.   -- you'll have the opportunity to say that
10 it was transcribed inaccurately.
11          That will not be an opportunity to
12 change your testimony, it will simply be that if you
13 see that something was spelled wrong, or a word was
14 missing, something like that, okay?
15     A.   Yes.
16     Q.   And you will have 30 days in which to
17 review the transcript, and then you will return it
18 to me with your signature and any noted changes.
19          Would you please state your full name
20 and your residential address, Miss Sheik.
21     A.   My full name is Sheila Mae Travers-Sheik.
22     Q.   And your residential address, please?
23     A.   My permanent address is 7 Jonathan Lane,
24 East Falmouth, Mass. 02536, PO Box 743.

```
                                                              12
 1      Q.   And what is your birth date?
 2      A.   1/27/65.
 3      Q.   Your birthday's coming up?
 4      A.   Uh-huh.
 5      Q.   And where were you born?
 6      A.   In New Bedford, Massachusetts.
 7      Q.   And did you grow up there in New Bedford?
 8      A.   No, I grew up on Cape Cod, Falmouth.
 9      Q.   And what are your parents' names?
10      A.   Winifred M. Travers, and Richard Frank
11 Travers.
12      Q.   And your mother is with us today.
13           Is your father still alive?
14      A.   No, he is deceased; active duty in Vietnam.
15      Q.   I'm sorry for that loss.
16           Where were your parents born, Miss
17 Sheik?
18      A.   New Bedford, Massachusetts, my father, and
19 Winifred Travers, Cotuit, Massachusetts.  Cotuit.
20           Was it Cotuit?
21      Q.   What race do you consider yourself to be?
22      A.   Black.  Cape Verdean that has to be.
23      Q.   And do you have ancestors that came from
24 Cape Verde?
```

```
                                                           13
 1      A.    My grandfather, Antonio Andrade, Cape
 2 Verde.
 3      Q.    Antonio, what was the last name?
 4      A.    Andrade, A-n-d-r-a-d-e
 5      Q.    Is that your paternal grandfather?
 6      A.    Uh-huh, yes.
 7      Q.    Any other ancestors from Cape Verde?
 8      A.    No.
 9      Q.    Have you ever been to Cape Verde?
10      A.    No.
11      Q.    Do you own or rent the property at 7
12 Jonathan Lane?
13      A.    My mother does.
14      Q.    And does she own the property there or
15 rents it?
16      A.    She owns.
17      Q.    And who else lives there besides the two of
18 you?
19      A.    Dina Travers.
20      Q.    And who is Dina Travers?
21      A.    She is my sister.
22      Q.    And how old is she?
23      A.    38.
24      Q.    And you are not currently married?
```

                                      Respectfully submitted,

                                      HABIT MANAGEMENT, INC.

                                      By its attorneys,

                                      /s/ David M. Jaffe
                                      Jennifer C. Tucker (BBO #547944)
                                      Anita M. Polli (BBO #552567)
                                      David M. Jaffe (BBO #641610)
                                      Littler Mendelson, PC
                                      One International Place
                                      Suite 2700
                                      Boston, MA  02110
Dated:  July 13, 2007              (617) 378-6000

### Certificate of Service

    I, David M. Jaffe, hereby certify that I delivered a copy of this electronically filed Memorandum of Law in Support of Its Summary Judgment Motion by certified mail on July 13, 2007, postage pre-paid, to Sheila Mae Travers-Sheik, 7 Jonathan Lane, P.O. Box 743, East Falmouth, MA 02536.

                                      /s/ David M. Jaffe
                                      David M. Jaffe

Firmwide:82727169.4 050742.1002

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sheila Mae Travers-Sheik
P.O. Box 743
E. Falmouth, MA 02536

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Winifred Travis — ☐ Agent / ☐ Addressee

B. Received by ( Printed Name )
Winifred Travis

C. Date of Delivery
9/6/5

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered      ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7005 2570 0001 8424 8498

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

Jim Remington + Marks

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

David Jaffe, Esq.
Littler Mendelson, P.C.
One International Place
Suite 2700
Boston, MA 02110

0205447-1523